UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 08-62077-CIV-MARTINEZ-BROWN**

MARK A. LERMAN,

Plaintiff,

vs.

XENTEL, INC.,

Defendant.
_______________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (D.E. No. 16). After careful consideration and for the reasons set forth below, the Court denies Defendant's Motion for Summary Judgment.

## I. Relevant Factual and Procedural Background[1]

Plaintiff Mark A. Lerman ("Plaintiff" or "Lerman") alleges that he is a war veteran who has suffered from severe injuries to his back and spine "rendering him an incomplete paraplegic" and causing him to require the use of a wheelchair or power-chair. (D.E. No. 1 at 2). It is undisputed that Plaintiff is a disabled person under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA") and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*. ("FCRA"). (D.E. No. 12 at 1).

Plaintiff is a former employee of Defendant Xentel, Inc. ("Defendant" or "Xentel"). (D.E. No. 22 at ¶¶ 2, 3, 4, 12, 13). He reported to Defendant's office to begin work on February 6,

---

[1]The facts are stated in the light most favorable to Plaintiff who is the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2008. (D.E. No. 22 at ¶ 4).[2] On this date, Plaintiff filled out personnel file materials and began the training process. *Id*. During the training process, Plaintiff had to use the bathroom. *Id*. at ¶ 5. When he was directed to the bathroom, he found that he "was unable to access the toilet, sink . . . [and] paper towel dispenser."[3] *Id*. at ¶¶ 6-9. Plaintiff reported his difficulties to his manager, Bernie. *Id*. at ¶ 10. Plaintiff states, however, that Bernie refused to address the situation other than to recommend that Plaintiff use the bathrooms of neighboring businesses or that Plaintiff contact the Defendant's corporate offices. *Id*. Plaintiff eventually went home to use the bathroom. *Id*.

Plaintiff contacted Defendant's corporate offices with regard to the inaccessible bathroom.

---

[2]Plaintiff alleges that he was hired as a telemarketer. (D.E. No. 1 at 2); *see also* (D.E. No. 12 at ¶ 4) (where Defendant acknowledges that Plaintiff interviewed for the position of a telemarketer).

[3]In his affidavit, Plaintiff states:

> 7. I entered the bathroom and was immediately struck by how poorly it was maintained. The place was absolutely filthy. To make matters worse, I was unable to access the toilet, sink, or paper towel dispenser . . . . I found that it was difficult to get close enough to the toilet to do a slide-across transfer. I am unable to do a lateral transfer . . . because I cannot stand on my legs. There is was only one grab bar, located to the side of the toilet[,] and I could not access it using my chair. I tried backing in, I tried pulling in, and was unable to get close enough to do the transfer using the bar located to the side of the toilet.
>
> 8. As to the sink, I could not access it because I could not get my knees under it while seated in my chair.
>
> 9. As to the paper-towel dispenser, the paper towel dispenser was located at a height, which made it where I would have to lean forward and up to grab the individual papers out of the dispenser to access it. I was also in an awkward position so that if you were not able bodied, you would have trouble getting to and using it, especially after using the sink.

(D.E. No. 22 at ¶¶ 7- 9).

*Id*. at ¶¶ 11, 12. Plaintiff was finally contacted by "Peter" from Xentel who told him "that the bathroom was going to stay the same, and he would not give . . . [Plaintiff] any sort of accommodations." *Id*. at ¶ 12. Plaintiff alleges that because he could not work for Xentel with the bathroom it had in place, he simply could not work for Xentel and thus, he alleges that he was "discharged due to . . . [his] disability status." *Id*. at ¶¶ 12-13.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 3; *see also* (D.E. No. 1 at 8). A Notice of Right to Sue was mailed from the EEOC on September 25, 2008. (D.E. No.1 at 9). Plaintiff states that he received this Notice of Right to Sue on September 27, 2008. (D.E. No. 22 at ¶ 14). On December 26, 2008, Plaintiff filed this action, alleging violations of the ADA and the FCRA. (D.E. No. 1). Defendant has now filed a motion for summary judgment.[4]

## II. Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[4]Within its reply brief, Defendant argues that this Court should strike paragraphs 10, 13, 14 and 15 of Plaintiff's affidavit because the statements made in these paragraphs are inappropriate to defeat summary judgment as they are conclusory and do not meet the personal knowledge standard required under Federal Rule of Civil Procedure 56. This Court disagrees and declines to strike these paragraphs.

Also within the reply brief, Defendant argues that Plaintiff inappropriately references a "writing" in his affidavit and has failed to attach such a writing as an exhibit to his affidavit in violation of Federal Rule of Civil Procedure 56(e). It is unclear which portion of the affidavit Defendant is referring to; however, in paragraph 11 Plaintiff states: "I contacted Xentel's corporate offices, per Bernie's instruction, in writing and requested accommodations with respect to the bathroom." (D.E. No. 22 at ¶ 11). The Court, however, declines to strike this sentence as the fact that Plaintiff contacted the corporate offices in writing and the content of the writing was not relevant or in any way at issue in the Court's consideration of the motion for summary judgment. Defendant has not suffered any prejudice by Plaintiff's failure to attach this writing.

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S. at 586. It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248. In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id*. at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991). The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.3d 1472, 1477 (11th Cir. 1991)).

*See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id*. at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id*. at 324. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III. Analysis

Defendant seeks summary judgment, arguing that Plaintiff cannot demonstrate a prima facie case for disparate treatment as he cannot show an adverse employment action, that Plaintiff has failed to exhaust his administrative remedies with regard to his disparate treatment claim, that Plaintiff cannot show that Defendant failed to reasonably accommodate him because there is no evidence that a reasonable accommodation was not provided, and that Plaintiff's action under the

ADA is barred by the statute of limitations.[5] After careful consideration, the Court denies Defendant's motion for summary judgment.[6]

---

[5]In its motion, Defendant also argues that it has no liability to Plaintiff under subchapter III of the ADA because it is not a place of public accommodation and that it has no liability under subchapter IV of the ADA for retaliation. Plaintiff states, however, that his complaint was not brought under either subchapter III or subchapter IV. *See* (D.E. No. 20 at 8). Thus, the Court finds it unnecessary to address these arguments.

Defendant also argues that Plaintiff cannot show that Defendant intentionally discriminated against Plaintiff because he did not allege in his complaint nor can he show that his disability was a "but for" cause of any action by Defendant. It is unclear exactly how Defendant is using the term "intentional discrimination" as a claim of intentional discrimination may be proven by direct or circumstantial evidence. *Rioux v. City of Atlanta, Ga.*, 520 F. 3d 1269, 1274 (11th Cir. 2008). Moreover, one form of intentional discrimination is disparate treatment, and the Court has found, as discussed below, that genuine issues of material fact remain as to this claim. *See Burke-Fowler v. Orange County, Fla*., 447 F.3d 1319, 1322 (11th Cir.2006) (stating that disparate treatment is a theory of intentional discrimination). For all the reasons discussed below with regard to Plaintiff's ADA claims, the Court finds that genuine issue of material fact remain as to whether Plaintiff's disability was "a factor that made a difference in the outcome" in this case. *McNely v. Ocala Star Banner Corp*., 99 F. 3d 1068, 1077 (11th Cir. 1996).

Finally, Defendant also argues that Plaintiff cannot demonstrate that he was subjected to a hostile work environment. Plaintiff does not respond to these arguments. Upon review of the complaint, it does not appear that Plaintiff was attempting to assert such a claim. *See* (D.E. No. 1). Based upon Plaintiff's complete failure to address this argument, the Court assumes Plaintiff either did not intend to assert such a claim or has now abandoned this claim. If, however, Plaintiff was attempting to assert such a claim, it was his burden to "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)). As Plaintiff failed to meet his burden, this claim would now be precluded by the entry of summary judgment.

[6]Except with regard to Defendant's last argument regarding the statute of limitations, Defendant has not differentiated between the ADA and FCRA claims asserted in the complaint. In fact, in its motion, Defendant only specifically discusses the claims in the context of the ADA. Because these claims are analyzed under the same framework and Defendant has only discussed the ADA claims, the Court has also not differentiated between the ADA and the FCRA in its discussion and discusses only the ADA. See *Greenberg v. BellSouth Telecommunications, Inc*., 498 F. 3d 1258, 1263-64 (11th Cir. 2007) ("Claims raised under . . . [FCRA] are analyzed under the same framework as the ADA.").

**A. Disparate Treatment**

Defendant seeks summary judgment on Plaintiff's disparate treatment claim alleging that Plaintiff cannot demonstrate a prima facie case and that Plaintiff has failed to exhaust his administrative remedies with regard to this claim. The Court finds summary judgment is inappropriate on Plaintiff's disparate treatment claim with regard to both of Defendant's arguments.

First, genuine issues of material fact remain as to whether Plaintiff can demonstrate a prima facie case for disparate treatment. To establish a prima facie case of disparate treatment under the ADA, Plaintiff must prove each of the following three elements: (1) that he is disabled; (2) that he is qualified for the position at issue; and (3) that he was subjected to an adverse employment action or unlawful discrimination as a result of his disability. *Doe v. Dekalb County Sch. Dist*., 145 F. 3d 1441, 1445 (11th Cir. 1998); *see also McCoy v. Geico Gen. Ins. Co.*, 510 F. Supp. 2d 739, 748 (M.D. Fla. 2007); *Kennedy v. Kelly Temp. Servs., Inc*., 95 F. Supp. 2d 1288, 1293 (M.D. Ala. 2000). In its motion, Defendant argues that Plaintiff cannot demonstrate the third element, that he suffered an adverse employment action because he cannot demonstrate that he was constructively discharged.

The Eleventh Circuit has stated that "' [c]onstructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job.'" *Bryant v. Jones*, 575 F. 3d 1281, 1298 (11th Cir. 2009) (quoting *Munday v. Waste Mgmt. of North Am., Inc*., 126 F.3d 239, 244 (4th Cir.1997)). "Plaintiff must show 'the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign.'" *Bryant*, 575 F. 3d at 1298 (quoting *Virgo v.*

*Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1363 (11th Cir.1994)). Plaintiff has offered evidence that he was unable to use the restroom at work and that Defendant, his employer, refused his requests to be reasonably accommodated. (D.E. No. 22 at ¶¶ 7-13). The Court finds this evidence creates a genuine issue of material fact as to whether Plaintiff's working environment was so unbearable that a reasonable person would be compelled to resign. Thus, the Court denies Defendant's motion for summary judgment on this issue.

Next, the Court finds Plaintiff properly exhausted his administrative remedies with regard to his disparate treatment claim. Defendant specifically argues that Plaintiff failed to exhaust his administrative remedies as to his disparate treatment claim under the ADA because the charge filed with the EEOC did not include such a claim. "Before filing suit under the ADA, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC." *Butler v. Greif, Inc.*, 325 Fed. Appx. 748, 749 (11th Cir. 2009). "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir.1983)). "In light of the purpose of the EEOC exhaustion requirement, . . . [the Eleventh Circuit has] held that a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Gregory*, 355 F. 3d at 1279 (quoting *Alexander v. Fulton County*, Ga., 207 F.3d 1303, 1332 (11th Cir.2000) *overruled on other grounds by Manders v. Lee*, 338 F. 3d 1304, 1328 n. 52 (11th Cir. 2003)). "[I]t is[,] [however,] well established that '[t]he scope of an EEOC complaint should not be strictly interpreted.'" *Sanchez v. Standard*

*Brands, Inc.*, 431 F. 2d 455, 465 (5th Cir. 1970)[7] (quoting *Baxter v. Savannah Sugar Refining Corp*., 46 F.R.D. 56, 59 (S.D. Ga. 1968)). Moreover, "judicial claims are allowed if they “amplify, clarify, or more clearly focus” the allegations in the EEOC complaint . . . [whereas] allegations of new acts of discrimination are inappropriate." *Gregory*, 355 F. 3d at 1279-80 (quoting *Wu v. Thomas*, 863 F. 2d 1543, 1548 (11th Cir. 1989)).

In this case, Plaintiff stated the following in his EEOC charge:

> I began my employment with the Respondent on February 6, 2008. On that same day, I learned that the restroom was inaccessible. I made several written requests for the restroom to be made accessible so that I may [sic] be able to return to work; however my requests were ignored. I am a wheelchair user.
>
> The reason given to me by the Respondent was that I should talk to the property manager about the issue.
>
> I believe I was discriminated against in violation of Title I of the Americans with Disabilities Act of 1990 (ADA), the Florida Civil Rights Act (Chapter 760), and the Broward County Human Rights Act.

(D.E. No. 1at 8). Although Plaintiff does not specifically state that he is asserting a claim for disparate treatment in this charge, the Court finds the allegations in the charge are sufficient as such a claim would reasonably be expected to grow out of this charge. In asserting a disparate treatment claim, Plaintiff has not asserted new acts of discrimination or made new factual allegations, he has simply focused the allegations of the EEOC charge. Thus, the Court finds that Plaintiff exhausted his administrative remedies prior to filing his ADA claim, and Defendant is not entitled to summary judgment on this ground.

---

[7]In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**B. Reasonable Accommodation**

Next, Defendant seeks summary judgment on Plaintiff's reasonable accommodation claim, arguing that Plaintiff cannot demonstrate a prima facie case. In order to demonstrate a prima facie case of discrimination under the ADA for "failure to make reasonable accommodation, a plaintiff must . . . show that (1) he was disabled, (2) he was otherwise qualified, and (3) a reasonable accommodation was not provided." *Nadler v. Harvey*, No. 06-12692, 2007 WL 2404705, at *5 (11th Cir. August 24, 2007). Defendant argues that Plaintiff cannot demonstrate a prima facie case because he cannot show the third element, that a "reasonable" accommodation was not provided. Specifically, Defendant argues that Plaintiff cannot demonstrate that access to the bathroom was necessary to perform an essential function of his job and that Plaintiff cannot demonstrate that a reasonable accommodation was necessary as Defendant’s bathroom was fully compliant. The Court, however, finds that summary judgment is inappropriate as to both of these issues.

"An accommodation can qualify as 'reasonable,' and thus be required by the ADA, only if it enables the employee to perform the essential functions of the job." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). “Essential functions are the fundamental job duties of the position in question.” *Haysman v. Food Lion, Inc.*, 893 F. Supp. 1092, 1101 (S.D. Ga. 1995). “The plaintiff bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions.” *Lucas*, 257 F. 3d at 1255-56. Plaintiff argues that being able to use the bathroom at work was essential to his job as he could not travel home every time he needed to use the restroom. (D.E. No. 20 at 5). Plaintiff has presented evidence that he alerted his employer that he was unable to use the bathroom at the

office due to his disability and that he could be accommodated if Defendant made the restroom accessible to him. (D.E. No. 22 at ¶¶ 7-12). Plaintiff has also offered evidence that when he found the restroom inaccessible on February 6, 2008, he had to leave the office so he could return home to use the restroom. *Id*. at ¶¶ 4,10. Plaintiff states that after speaking with Defendant's representative "Peter" it was clear that "if . . . [he] could not work for Xentel with the bathrooms they had, . . . [he] could not work for Xentel." *Id*. at ¶ 12.

The Court finds that being able to use the restroom at work can allow an employee to perform the essential functions of the job. Here, it could be the essential function of being present at the job. *See Tyndall v. National Educ. Ctrs*., 31 F. 3d 209, 213 (4th Cir. 1994) (stating that "an employee 'who does not come to work cannot perform any of his job functions, essential or otherwise.'") (quoting *Wimbly v. Bolger*, 642 F. Supp. 481, 485 (W.D. Tenn. 1986)); *Gore v. GTE South, Inc.*, 917 F. Supp. 1564, 1572 (M.D. Ala. 1996) (stating that "a regular and reliable level of attendance is a necessary element of most jobs"). Thus, genuine issue of material fact remain as to whether a "reasonable accommodation," which would have allowed Plaintiff to perform an essential job function was not provided, and summary judgment is inappropriate on this ground.

The Court also finds that genuine issues of material fact exist as to whether a reasonable accommodation could have been provided to Plaintiff with regard to Defendant's bathroom. Defendant has offered evidence from Gerald Dimarzo, a Florida certified general contractor, and Lawrence Kramer, a Florida architect, who have both testified as to the compliance of the men's restroom on Defendant's premises with the ADA. Dimarzo did work on the bathroom in question in 2003 and 2004 and also inspected the bathroom again in 2009. (D.E. No. 17 at 11-17, 20). Dimarzo testified that the bathroom was ADA compliant in 2003 and 2004 and that it did not

appear that any changes had been made to the bathroom when he observed it again in 2009. (D.E. No. 17-2 at 8-9, 34). Kramer inspected the bathroom in 2009 and also testified that other than the location of a paper towel dispenser the bathroom was ADA compliant. (D.E. No. 13 at 4). The question, however, in this case is not necessarily whether the bathrooms were ADA compliant; rather, the issue is whether Defendant failed to reasonably accommodate Plaintiff.[8] Plaintiff has stated in detail that the restrooms did not accommodate his disability, and a genuine issue of material fact remains as to what accommodations were reasonable in this case. (D.E. No. 22 at ¶¶ 7-9). More importantly, Plaintiff also states that the bathroom has been altered since he was last at the premises in February 2008. *Id*. at ¶ 15. This creates a genuine issue of material fact as to the condition of the bathroom at the relevant time. Thus, as a genuine issue of material fact remain as to the condition of the bathroom in February 2008 and as to what accommodations were reasonable in this case, summary judgment is also inappropriate on this ground.[9]

**C. Statute of Limitations**

Finally, Defendant argues that it is entitled to summary judgment on Plaintiff's ADA claims because this action was filed outside of the statute of limitations. Under the ADA, a plaintiff must file his complaint within ninety days of his receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1); *see also Miller v. Georgia*, 223 Fed.

---

[8]The Court acknowledges that Plaintiff bears the burden of demonstrating that an accommodation is reasonable. *Stewart v. Happy Herman's Cheshire Bridge, Inc*., 117 F. 2d 1278, 1286 (11th Cir. 1997). The Court finds, however, as explained above that genuine issues of material fact exist as to whether making changes to the bathroom was reasonable.

[9]The Court acknowledges that Defendant also argues that the Town of Davie has no record of noncompliance pertaining to Defendant's restrooms. This evidence, however, is not dispositive of the issue and for the reasons discussed above, genuine issues of material fact remain.

Appx. 842, 845 (11th Cir. 2007) (stating that the ADA provides the same statute of limitations as Title VII and that a plaintiff must file a complaint in the district court within ninety days of receiving a right-to-sue letter). In this case, Defendant questions whether Plaintiff filed his complaint within the ninety-day period as the right-to-sue letter is dated as mailed on September 25, 2008, and this action was filed on December 26, 2008. *See* (D.E. No. 1); (D.E. No. 1 at 9). It is, however, the date that the right-to-sue letter was received that is relevant, not the date such right-to-sue letter was mailed. Here, Plaintiff has stated that he received the right-to-sue letter on September 27, 2008. (D.E. No. 22 at ¶ 14). Thus, genuine issues of material fact remain, and summary judgment is also inappropriate on this issue. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Defendant's Motion for Summary Judgment (D.E. No. 16) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 2 day of December, 2009.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record